**WO**                                                                                   RP

1
2
3
4
5
6               IN THE UNITED STATES DISTRICT COURT
7                    FOR THE DISTRICT OF ARIZONA
8
9    Wayne Taylor,                          )    No. CV-05-390-PHX-NVW (JRI)
                                            )
10            Plaintiff,                     )    **ORDER**
                                            )
11   vs.                                    )
                                            )
12                                          )
     Joseph M. Arpaio,                      )
13                                          )
              Defendant.                    )
14                                          )
                                            )
15   ─────────────────────────────────────
16

17        On February 1, 2005, Wayne Taylor (Plaintiff), presently confined in the Maricopa

18   County Estrella Jail in Phoenix, Arizona (Estrella Jail), filed with the Clerk of the Court a <u>pro</u>

19   <u>se</u> "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint).  Plaintiff did not pay

20   the one hundred and fifty dollar ($150.00) filing fee, but filed an uncertified "Application To

21   Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> By A Prisoner Civil (Non-Habeas)" (Application To Proceed)

22   with the Complaint which was insufficient to support the request to proceed <u>in</u> <u>forma</u>

23   <u>pauperis</u>.

24        By Order filed February 22, 2005 (Document #3), Plaintiff's deficient Application To

25   Proceed was denied without prejudice and Plaintiff was given thirty (30) days to pay the one

26   hundred and fifty dollar ($150.00) filing fee, or in the alternative, to file with the Court a

27   new, certified Application to Proceed, using the form included with the Order, and a certified

**JDDL-K**    28                                    - 1 -

1    copy of his inmate trust fund account statement (or institutional equivalent) for the six (6)

2    months immediately preceding the filing of the Complaint.

3    **APPLICATION TO PROCEED IN FORMA PAUPERIS AND FILING FEE**

4    On March 16, 2005, Plaintiff filed a new, certified Application To Proceed (Document #4)

5    and an Inmate Account Statement ("Account Statement").  Plaintiff's certified Application

6    To Proceed and Account Statement make the showing required by 28 U.S.C. § 1915(a).

7    Accordingly, Plaintiff's Application to Proceed will be granted.

8    Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee.

9    Effective February 7, 2005, the filing fee for a civil rights action increased from one hundred

10   and fifty dollars ($150.00) to two hundred and fifty dollars ($250.00).  See 28 U.S.C. § 1914,

11   amended by, Consolidated Appropriations Act of 2005, Pub. L. No. 108-447, 118 Stat. 2809,

12   Sec. 307 (December 8, 2004).  Plaintiff's Complaint, however, is not subject to the increased

13   fee because Plaintiff filed his Complaint prior to February 7, 2005.  Accordingly, Plaintiff

14   is obligated to pay only the one hundred and fifty dollar ($150.00) filing fee.

15   Based on the average monthly balance in Plaintiff's account for three (3) months

16   preceding the filing of the Complaint, an initial partial filing fee of twenty-one dollars

17   ($21.00) will be assessed by this Order.  28 U.S.C. § 1915(b)(1).

18   By separate order, the Court will direct the appropriate agency to collect the initial partial

19   filing fee from Plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter,

20   Plaintiff will be obligated for monthly payments of twenty percent (20%) of the preceding

21   month's income credited to Plaintiff's trust account.  These payments will be forwarded by

22   the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account

23   exceeds ten dollars ($10.00), until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

24   Plaintiff should take notice that if he is released before the filing fee is paid in full, he must

25   pay the remaining unpaid amount of the filing fee within one hundred and twenty (120) days

26   of the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within one

27   hundred and twenty (120) days of the date of his release, the action will be dismissed, unless

28

**JDDL-K**

- 2 -

Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

Plaintiff also should take notice that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three (3) or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C. § 1997e(a).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend the complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely."  Id. at 1129.  A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v. Ford, 124 S.Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131, n.13 (declining to decide whether court was required to inform litigant of deficiencies).  Plaintiff's Complaint will be dismissed with leave to amend because the Complaint may possibly be saved by

**JDDL-K**

- 3 -

1  amendment.

2  **COMPLAINT**

3  Plaintiff alleges one (1) count in the Complaint.  (Complaint at 4).  In Count I Plaintiff

4  alleges that he has been subjected to unhealthy, unsanitary living conditions, overcrowding,

5  a lack of detention staff, a lack of medical staff, and a lack of recreation.  (Complaint at 4).

6  Named as Defendant in the Complaint is Joseph M. Arpaio, Sheriff of Maricopa County.

7  (Complaint at 1-2).

8  Plaintiff seeks injunctive relief and monetary damages.  (Complaint at 7).

9  **FAILURE TO LINK DEFENDANT**

10  To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an

11  affirmative link between the alleged injury and the conduct of an individual Defendant.

12  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

13  To state a claim against a state official, the civil rights complainant must allege that the

14  official personally participated in the constitutional deprivation, or that a state supervisory

15  official was aware of the widespread abuses and with deliberate indifference to the inmate's

16  constitutional rights failed to take action to prevent further misconduct.  King v. Atiyeh, 814

17  F.2d 565, 568 (9th Cir. 1987); See also Monell v. New York City Department of Social

18  Services, 436 U.S. 658, 691 (1978); Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988).

19  There is no liability under 42 U.S.C. § 1983 based on a theory of respondeat superior, and

20  therefore, a defendant's position as the supervisor of persons who allegedly violated a

21  plaintiff's constitutional rights does not impose liability.  Monell, 436 U.S. at 691; West v.

22  Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723

23  F.2d 675, 680-81 (9th Cir. 1984).

24  Plaintiff does not allege in Count I of the Complaint that Defendant Arpaio personally

25  participated in the deprivation of Plaintiff's constitutional rights nor does he allege that

26  Defendant was aware of widespread abuses and failed to act.

27

28

**JDDL-K**

**FAILURE TO STATE A CLAIM**

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must show that the conduct of the Defendants deprived him of a constitutional right. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986).  In his Complaint, Plaintiff fails to allege any violation of a specific constitutional right.

Specifically, Plaintiff has failed to the allege in Count I that the conditions in the Durango Jail create the "wanton and unnecessary infliction of pain" as required to state a Fourteenth or Eighth Amendment conditions of confinement claim. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The inquiry with respect to pretrial detainees is whether the prison conditions amount to "punishment" without due process in violation of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Generally, a prison's "obligation under the [E]ighth [A]mendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982) (quotations omitted).  However, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries.  See Bell, 441 U.S. at 539 n.21 (noting that a de minimis level of imposition does not rise to a constitutional violation).

With regard to his medical claim, Plaintiff fails to allege facts showing Defendant acted with "deliberate indifference to his serious medical needs" in violation of the Eighth and Fourteenth Amendments.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Plaintiff must show the delay in treatment was harmful.  Id.

The indifference must be substantial, and the conduct must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06. Inadequate treatment due to

malpractice or even gross negligence does not constitute an Eighth Amendment violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

To state a claim of deliberate indifference, a plaintiff must allege that a specific defendant, despite his knowledge of a substantial risk of serious harm to the plaintiff, failed to take reasonable measures to abate the harm.  Farmer v. Brennan, 511 U.S. 825 (1994).  The alleged constitutional deprivation must be, "objectively, 'sufficiently serious'" *i.e.*, the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Id. at 834.  Further, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id.  The Supreme Court has further defined this subjective test:

the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

Lastly, Plaintiff has failed to allege that he was injured by the actions or inactions of the Defendant.

## DISMISSAL OF COMPLAINT WITH LEAVE TO AMEND

Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  Ivey, 673 F.2d at 268.

Because Plaintiff has failed to affirmatively link any injuries with the conduct of any specific, named Defendant, and has failed to allege a constitutional violation, Plaintiff's Complaint will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief can be granted.  However, in keeping with "the rule favoring liberality in amendments to pleadings," the Court will exercise its discretion and allow Plaintiff to file an amended complaint, if he so desires, to

1   show what constitutional rights he has been deprived of, how the conduct of proper

2   defendants deprived him of said rights, what injury, if any, he has suffered as a result of the

3   activities of the defendants, and how he has exhausted his administrative remedies. Noll v.

4   Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

5       If Plaintiff chooses to file an amended complaint, he should take notice that an amended

6   complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th

7   Cir.), cert. denied, 506 U.S. 915 (1992); Hal Roach Studios v. Richard Feiner & Co., 896

8   F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the original pleading is treated as

9   nonexistent.  Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an original

10  complaint which are not alleged in an amended complaint are waived.  King v. Atiyeh, 814

11  F.2d 565, 567 (9th Cir. 1987).

12      Any amended complaint filed by Plaintiff must be retyped or rewritten in its entirety on

13  the current, Court-approved form included with this Order and may not incorporate any part

14  of the original Complaint by reference.  See Rule 15.1(a)(2), Local Rule of Civil Procedure

15  (LRCiv).  If Plaintiff cannot fit all of his supporting facts in favor of a particular count on the

16  Court-approved form, then he may continue on an attachment, but each matter on any

17  attachment must be clearly referenced to a particular count on the Court-approved form, and

18  be numbered appropriately.  Plaintiff may only address one (1) issue in each count.

19                                    **WARNING**

20      Plaintiff is warned that if he fails to timely comply with every provision of this Order the

21  action will be dismissed without further notice.  See Ferdik, 963 F.2d at 1260-61 (district

22  court may dismiss action for failure to comply with any order of the court).  Moreover,

23  because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file

24  an amended complaint correcting the deficiencies identified in this Order, the dismissal of

25  this action will count as a "strike" under the "three strikes" provision of the Prison Litigation

26  Reform Act.  See 28 U.S.C. § 1915(g).

27

28

**JDDL-K**                                    - 7 -

1    **IT IS THEREFORE ORDERED:**

2    (1)   That Plaintiff's "Application To Proceed <u>In Forma Pauperis</u> By A Prisoner Civil

3    (Non-Habeas)" (Document #4) is GRANTED;

4    (2)   That Plaintiff is OBLIGATED to pay the statutory filing fee of one hundred and fifty

5    dollars ($150.00) for this action.  Plaintiff is ASSESSED an initial partial filing fee of

6    twenty-one dollars ($21.00).  All fees shall be collected and paid in accordance with this

7    Court's Order to the Maricopa County Sheriff filed concurrently herewith;

8    (3)   That Plaintiff's Civil Rights Complaint By A Prisoner (Document #1) ("Complaint")

9    is DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND, pursuant to 28

10   U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief

11   may be granted.  Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order

12   to file an amended complaint in order to state specific allegations of deprivation of

13   constitutional rights against proper defendant(s), to name as defendant(s) the individual(s)

14   who participated in the activities alleged in his amended complaint, to state what injury he

15   has suffered as a result of the activities of the defendant(s), and to show how, prior to filing

16   this action, he exhausted his administrative remedies as to each of his claims for relief.  The

17   amended complaint must be retyped or rewritten in its entirety on the current, Court-

18   approved form included with this Order, may not incorporate any part of the original

19   Complaint by reference, and must contain Plaintiff's original signature.  If Plaintiff fails to

20   file the amended complaint on a current, Court-approved form, the amended complaint will

21   be stricken, and the action dismissed without further notice to Plaintiff.  Any amended

22   complaint submitted by Plaintiff should be clearly designated as an amended complaint on

23   the face of the document;

24   (4)   That the Clerk of the Court is DIRECTED to enter a judgment of dismissal with

25   prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to file an amended

26   complaint within thirty (30) days from the filing date of this Order.  Upon entry of judgment,

27   the Clerk of the Court SHALL MAKE an entry on the docket in this matter indicating that

**JDDL-K**   28

1   the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g);

2   (5)   That a clear, legible copy of every pleading or other document filed SHALL

3   ACCOMPANY each original pleading or other document filed with the Clerk for use by the

4   District Judge or Magistrate Judge to whom the case is assigned.  See LRCiv 5.4.  **Failure**

5   **to submit a copy along with the original pleading or document will result in the**

6   **pleading or document being stricken without further notice to Plaintiff**;

7   (6)    That at all times during the pendency of this action, Plaintiff SHALL

8   IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address

9   and its effective date.   Such notice shall be captioned "NOTICE OF CHANGE OF

10  ADDRESS."  The notice shall contain only information pertaining to the change of address

11  and its effective date, except that if Plaintiff has been released from custody, the notice

12  should so indicate.  The notice shall not include any motions for any other relief.  Failure to

13  file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for

14  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

15  (7)   That the Clerk of the Court is DIRECTED to provide Plaintiff with a current, Court-

16  approved form for filing a civil rights complaint by a prisoner pursuant to 42 U.S.C. § 1983.

17  DATED this 30th day of September, 2005.

18

19

20  _____

21  Neil V. Wake
    United States District Judge

22

23

24

25

26

27

28

JDDL-K

- 9 -